UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

ANTHONY BORELLI,

                            Plaintiff,

                  -vs-                                        15-CV-407-JTC

PORTFOLIO RECOVERY ASSOCIATES, LLC,

                            Defendant.

---

By order entered August 7, 2015 (Item 8), the court granted plaintiff's counsel's motion to withdraw from his representation of plaintiff in this matter, and further, in accordance with Rule 41(b) of the Local Rules of Civil Procedure for the Western District of New York, the court directed plaintiff to advise the court in writing within 30 days as to whether he has retained another attorney to represent him or intends to proceed without counsel. The order contained an explicit warning that failure to respond as directed may be considered as grounds for involuntary dismissal of the action under the court's procedural rules. As of the date of entry of this order, no response has been filed.

A district court has the inherent power to manage its own affairs "so as to achieve the orderly and expeditious disposition of cases." *Lewis v. Rawson*, 564 F.3d 569, 575 (2d Cir. 2009) (quoting *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630–31 (1962)). The Federal Rules expressly empower a district court to exercise its discretion to dismiss an action "[i]f the plaintiff fails to prosecute or to comply with these rules or a court order …." Fed. R. Civ. P. 41(b); *see Lewis*, 564 F.3d at 575.

Because dismissing an action for failure to prosecute is a "harsh remedy," *Minnette v. Time Warner*, 997 F.2d 1023, 1027 (2d Cir. 1993), a court contemplating dismissal under Rule 41(b) should examine whether (1) the plaintiff's failure to prosecute caused a delay of significant duration; (2) plaintiff received notice that further delay would result in dismissal; (3) further delay would likely prejudice the defendant; (4) the need to alleviate court calendar congestion outweighs plaintiff's right to an opportunity for a day in court; and (5) lesser sanctions would be effective. *See United States ex rel. Drake v. Norden Sys., Inc.*, 375 F.3d 248, 254 (2d Cir. 2004). No one factor is dispositive, and a court must consider the record of the entire case as a whole. *Id.* Further, a court may find dismissal warranted due to a "pattern of dilatory tactics" or "an action lying dormant with no significant activity to move it." *Lyell Theatre Corp. v. Loews Corp.*, 682 F.2d 37, 42 (2d Cir. 1982).

All five factors weigh in favor of dismissal in this case. First, as indicated in the affirmation of plaintiff's counsel filed in support of the motion to withdraw (Item 4-1), plaintiff has had no active involvement in the prosecution of the case since the filing of the action in May 2015, has failed to respond to counsel's repeated attempts to communicate by telephone or mail, and has failed to respond to the court's August 7, 2015 order, all of which has significantly delayed the prosecution of this case. Second, the court expressly warned plaintiff of the likelihood of dismissal of the action if he failed to respond to the explicit directives of the court's August 7, 2015 order. Third, "because delay by one party increases the likelihood that evidence in support of the other party's position will be lost and that discovery and trial will be made more difficult[,]" *Shannon v. Gen. Elec. Co.*, 186

F.3d 186, 195 (2d Cir. 1999), "[p]rejudice to defendant[ ] resulting from unreasonable delay may be presumed." *Lyell Theatre*, 682 F.2d at 43. Fourth, in the absence of any indication from plaintiff that he will be likely to move the action forward in the future, the court finds plaintiff's right to an opportunity to present his claim to be outweighed by the need to alleviate calendar congestion. Finally, considering the demonstrated pattern of inaction and the likelihood of its continuance, no lesser sanction than dismissal would be effective.

Accordingly, all of the relevant factors support dismissal pursuant to Rule 41(b), and the case is therefore dismissed for failure to prosecute, failure to comply with the court's prior order, and failure to comply with the Federal and Local Rules of Civil Procedure.

So ordered.

\s\ John T. Curtin
JOHN T. CURTIN
United States District Judge

Dated January 6, 2016
p:\pending\2015\15-407.41b.jan4.2016